**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| DOMINICK LEROY DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>RENTGROW, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.:<br>3:23-cv-01503-TJC-PDB |

**DEFENDANT RENTGROW, INC.'S**
**REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant RentGrow, Inc. ("RentGrow") hereby submits the following reply brief in support of its Motion to Dismiss (ECF No. 10).

**A. Plaintiff does not—and cannot—plead that RentGrow's report was inaccurate for purposes of a Section 1681e(b) claim.**

Plaintiff argues that "[a] plaintiff sufficiently alleges inaccuracy if he alleges that a consumer report includes redundant, duplicative entries for the same criminal offense." *See* Plaintiff's Opposition, ECF No. 13, p. 6. However, he "cites only non-binding cases without providing their legal analyses or explaining why the analyses are so persuasive they should be followed here." *See* Order Granting RentGrow's Motion to Stay, ECF No. 20 ("Motion to Stay Order"), p. 6.

"[U]nreported cases from district courts outside the Eleventh Circuit are not binding nor the most persuasive authority." *See S. Farms Ltd. v. Am. Farmland Invs.*

*Corp.*, No. 6:06CV309 ORL, 2006 WL 2038532, at *2 (M.D. Fla. Jul. 19, 2006). Non-binding cases are not even persuasive when distinguishable. *See* Motion to Stay Order, p. 6 (citing *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) ("Unpublished opinions [] are persuasive only insofar as their legal analysis warrants.")); *Ace Tree Surgery, Inc. v. Terex Corp.*, No. 1:16-CV-0775, 2018 WL 11350262, at *5 (N.D. Ga. Dec. 10, 2018) ("Not only is this case not binding [], it also lacks persuasive value because it is factually distinguishable.").

Here, Plaintiff's argument is doomed by his reliance on Washington, Pennsylvania, and California cases (*see* Opposition, p. 6) because the cases "involve different factual allegations" and inapplicable legal holdings. *See* Motion to Stay Order, p. 6. Unlike the present case, four of them involved allegations of duplicate ***inaccurate*** and ***inconsistent*** reporting. *See, e.g.*, *Haley v. TalentWise*, 9 F. Supp. 3d 1188, 1193 (W.D. Wash. 2014) (report with "duplicative, but inconsistent" criminal charges where "one part of the report shows the charge [] was dismissed, while another part shows the charge resulted in a conviction"); *Dougherty v. Quicksius, LLC*, No. CV 15-6432, 2016 WL 3757056, at *2 (E.D. Pa. July 14, 2016) (report "mischaracterized" plaintiff's "summary offenses under Pennsylvania law" as "misdemeanors, non-traffic, or traffic offenses"); *Hawkins v. S2Verify LLC*, No. C 15-03502 WHA, 2016 WL 107197, at *1 (N.D. Cal. Jan. 11, 2016) (report with "numerous inaccuracies as well as information that the FCRA mandates be excluded

from reports”); *Abrogina v. Kentech Consulting, Inc.*, No. 16CV0662 DMS (WVG), 2023 WL 6851988, at *1 (S.D. Cal. Oct. 17, 2023) (report of “Plaintiff’s conviction [that] was subsequently dismissed and expunged [] raises a genuine issue of material fact about whether Plaintiff’s report was accurate”). Moreover, unlike the present case, the fifth case cited by Plaintiff was a class action involving “repeated” improper reports due to the defendant’s “policy and practice” to “regularly report a single incident multiple times.” *Smith v. HireRight Sols., Inc.*, 9 F. Supp. 2d 426, 435 (E.D. Pa. 2010) (claim “would not necessarily withstand summary judgment”).[1]

None of Plaintiff’s out-of-jurisdiction cases apply the Eleventh Circuit’s accuracy standard. *See Haley*, 9 F. Supp. 3d at 1193; *Dougherty*, 2016 WL 3757056, at *2; *Hawkins*, 2016 WL 107197, at *1; *Abrogina*, 2023 WL 6851988, at *1; *Smith*, 9 F. Supp. 2d at 435. The Eleventh Circuit’s maximal accuracy standard is an “objective measure” and requires review of the “entire” report, rather than a single field of data. *See Erickson v. First Ad. Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020); RentGrow’s Motion to Dismiss, pp. 6-7 (collecting Middle District of Florida cases applying the *Erickson* standard). Plaintiff’s cases do not cite *Erickson* or acknowledge that the standard is “objective” and requires review of the

[1] Plaintiff’s out-of-jurisdiction cases are distinguishable for other reasons as well. For example, all five cases involved reports published for employers, not landlords, as Plaintiff alleges in the present case. *See Haley*, 9 F. Supp. 3d at 1193; *Dougherty*, 2016 WL 3757056, at *2; *Hawkins*, 2016 WL 107197, at *1; *Abrogina*, 2023 WL 6851988, at *1; *Smith*, 9 F. Supp. 2d at 435. Additionally, *Abrogina* was in the context of Rule 56, not Rule 12. *See* 2023 WL 6851988, at *1.

"entire" report. Unlike in Plaintiff's non-binding cases, plaintiffs cannot survive dismissal in the Eleventh Circuit by merely alleging that "an inattentive reader [may] think he has a more serious criminal history than he actually has" (*see* Motion to Stay Order, p. 1) or that "some user somewhere could possibly squint at a report and imagine a reason to think twice about its subject." *See Erickson*, 981 F.3d at 1252.

Plaintiff's silence as to the Eleventh Circuit's accuracy standard is deafening. He does not allege that RentGrow's reporting of his five crimes was factually incorrect, and the word "misleading" does not appear in the Complaint, but he still argues that RentGrow's alleged duplication caused an inaccuracy. *See* Opposition, pp. 5-7. This ignores that an "objective" review of RentGrow's "entire" report, as is required in the Eleventh Circuit, confirms Plaintiff was charged with only five crimes because the report lists the five crimes with five distinct case numbers, dates, jurisdictions, etc. *See* RentGrow's Motion to Dismiss, pp. 8-10; Motion to Stay Order, pp. 6-7 ("Under the objective standard, RentGrow may well succeed on its motion to dismiss."). Plaintiff does not argue otherwise, which is fatal to his claim.

**B. The Court may consider RentGrow's motion to dismiss exhibits in dismissing Plaintiff's Complaint without leave to amend.**

Plaintiff also argues that his claim should survive dismissal since RentGrow attached exhibits to the Motion to Dismiss. *See* Opposition, pp. 13-18. However, the Court may consider RentGrow's exhibits because the landlords' screening criteria are "central" to Plaintiff's claim as to why his apartment applications were

denied and because RentGrow authenticated the exhibits with a declaration, which Plaintiff does not "challenge." *See, e.g., SMF Holdings, Ltd. v. Banc of Am. Sec.*, 600 F.3d 1334, 1337 (11th Cir. 2010) ("In ruling upon a motion to dismiss, the district court may consider an extrinsic document if is (1) ***central*** to the plaintiff's claim, and (2) its ***authenticity is not challenged***.") (emphasis added).

Additionally, Plaintiff's contention that RentGrow's causation argument "depends primarily" on the exhibits is wrong. *See* Opposition, pp. 13-14. Plaintiff has not pled causation because "correlation does not imply causation."[2] *See* Motion to Dismiss, pp. 10-14. RentGrow provided the Court with Plaintiff's prospective landlords' screening criteria as exhibits so that the Court can deny Plaintiff leave to amend. Despite Plaintiff's contention that RentGrow's exhibits were "redacted to the point of almost perfect opacity," the non-redacted portions of the exhibits show that Plaintiff's extensive criminal history would have resulted in his applications' rejection under each landlord's screening criteria, regardless of any duplication of that criminal history. *Id.*, p. 12-13, n. 2; Exhibits 1, 2, and 3 to Motion to Dismiss. Thus, RentGrow's exhibits confirm Plaintiff should not be granted leave to amend.

---

[2] Plaintiff's attempt to argue that he sufficiently pled causation is notably devoid of Complaint citations. *See, e.g.*, Opposition, p. 11 (insisting that "Plaintiff has alleged injuries and damages that are independent of the denial of his rental application" without any citation to the Complaint). Despite filing a Complaint with over 100 paragraphs, the ***only*** Complaint allegation that Plaintiff even attempts to argue meets the causation requirement is Paragraph 74, in which Plaintiff vaguely pleads that he was "panicked, confused, humiliated, and concerned" because of some sort of "impact on his future." *Id.*, p. 12. However, speculative, unsupported, and non-specific allegations of "his future" clearly falls far short of the *Twombly* and *Iqbal* pleading standards under Rule 8.

Dated: March 15, 2024

Respectfully submitted,

*/s/ Christian Bromley*
Christian Bromley
Florida Bar No. 121480
Email: christian.bromley@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
1201 W. Peachtree Street, NW
One Atlantic Center, 14th Floor
Atlanta, Georgia 30309
Tel: 404-572-6600

*Attorney for Defendant RentGrow, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of March, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, causing a Notice of Electronic Filing to be transmitted to all counsel of record.

Catherine Tillman
Consumer Attorneys
8245 N. 85th Way
Scottsdale, Arizona 85258
Email: ctillman@consumerattorneys.com

Michael H. Rapp
Consumer Attorneys
1600 Genessee, Suite 435
Kansas City, MO 64102
Email: mrapp@consumerattorneys.com

*/s/ Christian Bromley*
Christian Bromley
Florida Bar No. 121480
Email: christian.bromley@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
1201 W. Peachtree Street, NW
One Atlantic Center, 14th Floor
Atlanta, Georgia 30309
Tel: 404-572-6600

*Attorney for Defendant RentGrow, Inc.*